

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8891 | **DATE** | 12/19/2002 |
| **CASE TITLE** | Charles Jackson vs. Jonathan R. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, petitioner's application to proceed in forma pauperis is granted. Respondents answer to the petition for writ of habeas corpus under 28 U.S.C. Section 2241 to be filed by January 21, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 23 2002 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | CLERK | | |
| WAH | courtroom deputy's initials | 02 DEC 20 AM 10:04 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES JACKSON, | ) |
| Plaintiff, | ) |
| vs. | ) No. 02 C 8891 |
| JONATHAN R. WALLS | ) |
| Defendants. | ) |

DOCKETED
DEC 2 3 2002

## MEMORANDUM OPINION AND ORDER

Charles Jackson brings this petition for writ of habeas corpus under 28 U.S.C. § 2241. Along with his petition, petitioner filed an application to proceed *in forma pauperis*. For the following reasons, his application is granted.

Pursuant to 28 U.S.C. § 1915(a) we may authorize a petitioner to proceed *in forma pauperis* if he demonstrates that he is unable to pay the required costs and fees. Petitioner's affidavit indicates that he is currently incarcerated, has no source of income and has no other money or property. Petitioner has established his inability to pay the court costs.

Our inquiry does not end there, however. We must conduct an initial review of petitioner's claims and dismiss the action if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). This action does not appear to be frivolous or malicious, nor does petitioner seek damages from an immune defendant. We need only to determine whether petitioner states a claim for relief, using the same standards as we would

6

a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 266 F.3d 568, 571 (7th Cir. 2000).

Petitioner alleges that the consecutive sentencing provisions of 730 ILCS 5/5-8-4(a) and (b) violate his rights to trial by jury, as guaranteed by the Sixth Amendment, and due process, as guaranteed by the Fifth and Fourteenth Amendments, in that they do not require a jury finding beyond a reasonable doubt of aggravating factors before imposing mandatory sentences. This statute allows a trial judge to impose consecutive sentences where the defendant is convicted of a Class X felony and has inflicted severe bodily injury, and the offenses were committed during a single course of conduct. Furthermore, the statute authorizes the trial judge to order consecutive sentences where the defendant's history and offense level require consecutive sentences to protect the public. Petitioner claims that these factual determinations were not made by a jury as constitutionally required and, therefore, his sentences should be ordered to run concurrently.

Petitioner argues that Apprendi v. New Jersey, 530 U.S. 466 (2000), requires that a jury make factual determinations that lead to increased sentences. The Illinois Supreme Court, although concluding that consecutive sentences imposed by a court are constitutional, noted that the lower state courts were sharply divided on the issue of whether Apprendi affects consecutive sentencing provisions. See People v. Wagener, 196 Ill2d 269, 283, 752 N.E.2d 430, 440, 256 Ill.Dec. 550, 560 (Ill. 2001) (citing to Illinois cases on both sides of the issue). In any case, in our brief search we did not find a federal decision dealing with the potential Sixth Amendment problems of 730 ILCS 5/5-8-4.

Reading petitioner's complaint liberally, as we must, he has stated a cognizable

constitutional claim. If he is correct, he points to a state action that violates the Constitution. *See* 28 U.S.C. § 2264(a)(1). Likewise, we find no procedural bars to this suit. Petitioner appears to have exhausted all available state remedies and filed this petition in a timely manner.

For the foregoing reasons, petitioner's application to proceed *in forma pauperis* is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 19, 2002.