# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 8891 | DATE | 3/5/2003 |
| CASE TITLE | U.S.A. ex rel: Charles Jackson vs. Jonathan Walls | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. For the foregoing reasons, the petition for a writ of habeas corpus is denied. Status hearing set for March 26, 2003 at 9:15am. is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 07 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 13 |
| | Copy to judge/magistrate judge. | | | |
| | | 03 MAR -6 PM 2:42 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
CHARLES JACKSON, )
)
        Petitioner, )
)
vs. ) No. 02 C 8891
)
JONATHAN WALLS, )
)
        Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner Charles Jackson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We granted petitioner's application to proceed *in forma pauperis* and respondent Jonathan Walls filed an answer to the petition. For the following reasons, Jackson's petition for a writ of habeas corpus is denied.

## BACKGROUND

Following a jury trial, petitioner was convicted of attempted murder and attempted armed robbery and sentenced to consecutive sentences of 30 years and 15 years. The Illinois Appellate Court, First District, affirmed the conviction on August 27, 1999. Petitioner unsuccessfully filed a petition for post-conviction relief in the Illinois court. Both the Illinois Appellate Court and the Illinois Supreme Court affirmed denials of his petition. He then filed this action asserting that the mandatory sentencing provisions of 730 ILCS 5/5-8-4(a) and (b) violate his rights to due process and trial by jury in light of the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).



## DISCUSSION

Habeas relief is limited to situations in which a conviction or sentence is based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994). If the court finds that any of the above errors occurred, then the prisoner's conviction will be "vacated or set aside and the petitioner will be discharged, resentenced, or granted a new trial." Dikeocha v. United States, 2002 WL 31006136, *1 (N.D. Ill. 2002).

The Supreme Court decided Apprendi subsequent to petitioner's sentencing. A new Supreme Court decision may justify a collateral attack on a sentence only if it establishes a new rule of law made retroactive by the Supreme Court. Talbott v. Indiana, 226 F.3d 866, 868 (7th Cir. 2000) *citing* 28 U.S.C. §§ 2244(b)(2)(A), 2255 ¶ 8(2). Apprendi does not state that it applies retroactively to cases on collateral review, therefore no petition for habeas corpus can proceed under § 2244(b)(2)(A) or § 2255 ¶ 8(2). Talbott, 226 F.3d at 869.

Petitioner's claim falls squarely within the realm of Talbott. Unless the Supreme Court ultimately decides that Apprendi should apply retroactively to collateral attack on sentencing, petitioner's claim has no merit.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 5, 2003.